## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF
## INDIANA SOUTH BEND DIVISION

| | |
|---|---|
| MACK SIMS, | ) |
| | ) |
|     Plaintiff, | ) |
|       v. | ) |
| | ) CASE NO.   3:19-CV-01168-JD-MGG |
| | ) |
| | )    **JURY DEMANDED** |
| CHARLES WICKS, a former Elkhart | ) |
| County Prosecutor, | ) |
| CITY OF ELKHART, an Indiana | ) |
| Municipality, | ) |
| JOHN FAIGH, an Elkhart Police Officer, | ) |
| | ) |
|     Defendants. | ) |

## DEFENDANTS CITY OF ELKHART AND JOHN FAIGH'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendants CITY OF ELKHART and JOHN FAIGH, by counsel, answer
Plaintiff's Complaint as follows:

1.     The jurisdiction of this Court is invoked pursuant to the Civil Rights Act,
42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343(a).

**ANSWER: Defendants City of Elkhart and John Faigh admit the allegations
contained in paragraph 1 of Plaintiff's Complaint.**

2.     Upon information and belief, the Defendants reside or are located within
the jurisdictional limits of the Northern District of Indiana. The City of Elkhart and
the events described in this Complaint occurred within Elkhart County, which falls

within the South Bend Division.

**ANSWER: Defendants City of Elkhart and John Faigh admit that they reside or are located within the jurisdictional limits of the Northern District of Indiana. Defendants City of Elkhart and John Faigh further admit that the City of Elkhart and the events described in Plaintiff's Complaint occurred within Elkhart County, which falls within the South Bend Division. Defendants City of Elkhart and John Faigh are without sufficient information and knowledge to form an opinion as to the truth of the remaining allegations contained in paragraph 2 of Plaintiff's Complaint.**

3.      Plaintiff Mack Sims is a resident of Indiana who was tried and convicted – and later exonerated – of attempted murder in *State of Indiana v. Sims*, Elkhart Superior Court, Case No. 20D01-9311-CF-104.

**ANSWER: Defendants City of Elkhart and John Faigh admit Plaintiff Mack Sims was tried and convicted of attempted murder in State of Indiana v. Sims, Elkhart Superior Court, Case No. 20D01-9311-CF-104. Defendants City of Elkhart and John Faigh are without sufficient information and knowledge to form an opinion as to whether Plaintiff Mack Sims is a resident of Indiana. Defendants City of Elkhart and John Faigh deny Plaintiff was "exonerated" as alleged.**

4.      Defendant City of Elkhart ("Defendant City") is an Indiana municipality located in Elkhart County. Defendant City is being sued on a *Monell* theory of liability, and also is being sued based on an indemnification theory of liability for the actions of Defendant Faigh.

**ANSWER: Defendants City of Elkhart and John Faigh admit the allegations**

contained in paragraph 4 of Plaintiff's Complaint.

5. Defendant Faigh was at all times relevant to this complaint a sworn police officer of the Defendant City of Elkhart's police force, acting under color of law and in the course and scope of his employment.

**ANSWER: Defendants City of Elkhart and John Faigh admit the allegations contained in paragraph 5 of Plaintiff's Complaint.**

6. Defendant Wicks was at all times relevant to this complaint an Elkhart County prosecutor acting under color of law and in the course and scope of his employment. The actions that give rise to this complaint were done when Defendant Wicks was acting in his investigatory role, though employed as a prosecutor.

**ANSWER: Defendants City of Elkhart and John Faigh are without sufficient information and knowledge to form an opinion as to the truth of the allegations in paragraph 6 of Plaintiff's Complaint.**

7. The State of Indiana is an indemnifying entity for any judgments entered against Defendant Wicks, however, it is not named as a Defendant in this suit.

**ANSWER: Defendants City of Elkhart and John Faigh are without sufficient information and knowledge to form an opinion as to the truth of the allegations in paragraph 7 of Plaintiff's Complaint.**

8. On or about November 2, 1993, at approximately 6 p.m., Shane Carey, a security guard at an adult education facility in Elkhart, Indiana arrived at his workplace for an evening shift. He inspected the premises and returned to his car,

which was parked in the facility's parking lot.

ANSWER: The Defendants City of Elkhart and John Faigh admit that Shane Carey arrived at his workplace at Sister Virginia's School on November 2, 1993 at approximately 6:00 p.m. These Defendants are without sufficient information and knowledge to form an opinion as to the truth of the remaining allegations contained in paragraph 8 of Plaintiff's Complaint.

9.      According to Carey, at approximately 7 p.m., he noticed three Black men walk behind a nearby building, and then emerge into the parking lot a few minutes later. The men approached the car and one of them shot Carey in the face causing him serious but non-fatal injuries to his jaw and cheek.

ANSWER: Defendants City of Elkhart and John Faigh are without sufficient information and knowledge to form an opinion as to the truth of the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.      Carey sought assistance and emergency personnel were called. At approximately 7:30 p.m., Elkhart police officers arrived and attempted to secure the scene. In the course of doing so they spotted the Plaintiff Mack, approximately 20 feet from the victim's car.

ANSWER: Defendants City of Elkhart and John Faigh admit that the victim Carey sought assistance and emergency personnel were called.  The Defendants City of Elkhart and John Faigh are without sufficient information to admit the remaining allegation in paragraph 10 of the Plaintiff's Complaint.

11.      The Plaintiff had done nothing wrong and had no information about the

shooting. The Plaintiff was by a path that was used widely by locals.

**ANSWER: Defendants City of Elkhart and John Faigh deny the allegations contained in paragraph 11 of Plaintiff's Complaint.**

12. The officers ordered the Plaintiff to come forward and he did so without protest.

**ANSWER: Defendants City of Elkhart and John Faigh are without sufficient information and knowledge to form an opinion as to the truth of the allegations contained in paragraph 12 of Plaintiff's Complaint.**

13. There was no probable cause to believe that the Plaintiff had anything to do with the shooters, who, presumably, would have swiftly left the area rather than stand near the car for fifteen to twenty minutes, waiting for the police to arrive.

**ANSWER: The Defendants City of Elkhart and John Faigh deny the allegations contained in paragraph 13 of Plaintiff's Complaint.**

14. The Plaintiff and the surrounding area were searched but no guns were found. No shell casings or other physical evidence were ever retrieved. Although there were witnesses (apart from the victim) to the shooting, none could give a description of the shooter.

**ANSWER: Defendants City of Elkhart and John Faigh deny the allegations contained in paragraph 14 of Plaintiff's Complaint.**

15. Starting on the night of the shooting and continuing for some period thereafter, Elkhart Police Detective John Faigh conducted a series of unduly suggestive identification and/or line-up procedures, thereby causing the Plaintiff to be

falsely identified as the shooter of Mr. Carey, and thereafter maliciously prosecuted based on this false and suggested identification.

**ANSWER: Or Defendants City of Elkhart and John Faigh deny the allegations contained in paragraph 15 of Plaintiff's Complaint.**

16.     Defendant Faigh would falsely testify that the victim, Carey, had identified the Plaintiff in a photo lineup on the night of the shooting. No record of that lineup exists in the police reports and Carey testified that no such line-up occurred. This information thus was withheld from the prosecutor and the Plaintiff's defense attorney.

**ANSWER: Defendants City of Elkhart and John Faigh deny the allegations contained in paragraph 16 of Plaintiff's Complaint.**

17.     In fact, Defendant Faigh presented Carey with a single show-up photograph of Mack Sims, while Carey was in the emergency room, but not at the point where he was in fear of imminent death, immediately after the shooting. Every subsequent instance in which Carey identified Sims as the shooter was subsequently tainted by that one-person unnecessary, unduly suggestive and unreliable show-up.

**ANSWER: Defendants City of Elkhart and John Faigh deny the allegations contained in paragraph 17 of Plaintiff's Complaint.**

18.     Despite this incredibly suggestive one-person photographic show-up, upon viewing the single photograph, Carey still only indicated that the Plaintiff "looked like" one of the assailants, and still did not make a positive identification of the Plaintiff as the shooter or one of the three Black men.

**ANSWER: Defendants City of Elkhart and John Faigh deny the allegations contained in paragraph 18 of Plaintiff's Complaint.**

19.     Some time later, Faigh did present Carey with a photo array with a series of photographs. Faigh bullied and pressured Carey to make an identification of Sims.

**ANSWER: Defendants City of Elkhart and John Faigh deny the allegations contained in paragraph 19 of Plaintiff's Complaint.**

20.     Later, at trial, Carey testified as follows regarding Faigh's bullying: "[Faigh] put me under quite a bit of stress when he asked me. He was asking me a number of questions that irritated me to no end to say the least. And I don't know what he was trying to accomplish, but I was not happy."

**ANSWER: Defendants City of Elkhart and John Faigh deny the allegations contained in paragraph 20 of Plaintiff's Complaint.**

21.     None of the above bullying tactics were put in police reports, and thus this information was withheld from the prosecution and the Plaintiff's criminal defense lawyer.

**ANSWER: Defendants City of Elkhart and John Faigh deny the allegations contained in paragraph 21 of Plaintiff's Complaint.**

22.     In a subsequent lineup, Carey finally made a positive identification of the Plaintiff Mack Sims, though this identification was tainted by the previous suggestive and coercive techniques utilized by Faigh, tactics that were not tendered to the prosecution and the Plaintiff's criminal defense lawyer.

**ANSWER: Defendants City of Elkhart and John Faigh deny the allegations contained in paragraph 22 of Plaintiff's Complaint.**

23.     A final lineup was then conducted by Faigh, and this time the line-up was inconclusive in that Carey indicated that he was "thrown off" by Sims facial hair.

**ANSWER: Defendants City of Elkhart and John Faigh deny the allegations contained in paragraph 23 of Plaintiff's Complaint.**

24.     Carey's identifications, which Faigh had secured through unduly suggestive procedures, were used against the Plaintiff at his criminal trial, denying the Plaintiff the right to a fair trial.

**ANSWER: Defendants City of Elkhart and John Faigh deny the allegations contained in paragraph 24 of Plaintiff's Complaint.**

25.     County Prosecutor Charles Wicks, acting in his capacity as an investigator and not as a prosecutor, also conducted an unduly suggestive line-up procedure by having Carey subjected to a session of hypnosis prior to viewing a photo array that included the Plaintiff.

**ANSWER: Defendants City of Elkhart and John Faigh are without sufficient information and knowledge to form an opinion as to the truth of the allegations contained in paragraph 25 of Plaintiff's Complaint.**

26.     Before trial, Carey had indicated to Wicks that he was unable to identify the shooter. In response, in order to get Carey to falsely identify the Plaintiff, Wicks suggested he be hypnotized and instructed staff in his office that the hypnosis of Carey was to be kept a secret from the Plaintiff's criminal defense lawyer.

ANSWER: Defendants City of Elkhart and John Faigh are without sufficient information and knowledge to form an opinion as to the truth of the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. The hypnosis session was conducted by George Atkins, a physician's assistant whom Wicks knew from Kiwanis Club, someone Defendant Wicks knew was unqualified to conduct such hypnosis, although no person should have conducted such an analysis on an eyewitness in a criminal case.

ANSWER: Defendants City of Elkhart and John Faigh are without sufficient information and knowledge to form an opinion as to the truth of the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. In the hypnosis session, Carey entered a dream like state in which he was made to believe he was re-experiencing the shooting.

ANSWER: Defendants City of Elkhart and John Faigh are without sufficient information and knowledge to form an opinion as to the truth of the allegations contained in paragraph 28 of Plaintiff's Complaint.

29. After the session, Defendant Wicks showed Carey a photo lineup in which Carey identified the Plaintiff due to a birthmark, knowing this would cause a false identification.

ANSWER: Defendants City of Elkhart and John Faigh are without sufficient information and knowledge to form an opinion as to the truth of the allegations contained in paragraph 29 of Plaintiff's Complaint.

30. Carey later stated that only after the hypnosis did the birthmark really

stand out.

**ANSWER: Defendants City of Elkhart and John Faigh are without sufficient information and knowledge to form an opinion as to the truth of the allegations contained in paragraph 30 of Plaintiff's Complaint.**

31.     This unduly suggestive and unreliable procedure orchestrated by Defendant Wicks caused the Plaintiff's unlawful prosecution to continue, deprived the Plaintiff of his right to a fair trial, and caused his unlawful detention to be prolonged.

**ANSWER: Defendants City of Elkhart and John Faigh are without sufficient information and knowledge to form an opinion as to the truth of the allegations contained in paragraph 31 of Plaintiff's Complaint.**

32.     Charles Wicks' use of hypnosis was unduly suggestive and scientifically unreliable and resulted in a fabricated memory.

**ANSWER: Defendants City of Elkhart and John Faigh are without sufficient information and knowledge to form an opinion as to the truth of the allegations contained in paragraph 32 of Plaintiff's Complaint.**

33.     The use of hypnosis to program Carey's memory was hidden from the Plaintiff and his defense attorneys by Defendant Wicks.

**ANSWER: Defendants City of Elkhart and John Faigh are without sufficient information and knowledge to form an opinion as to the truth of the allegations contained in paragraph 33 of Plaintiff's Complaint.**

34.     The Plaintiff was convicted of attempt murder, and was given a 35-year sentence.

**ANSWER: Defendants City of Elkhart and John Faigh admit the allegations contained in paragraph 34 of Plaintiff's Complaint.**

35.     Later, the Plaintiff filed a post-conviction petition, unaware of the hypnosis issue, and the case was set for an evidentiary hearing on that petition on February 8, 2012. During this hearing, the deputy prosecuting attorney assigned to the case, who was not on the original trial team, Graham Polando, on his own informed the court that Charles Wicks, now a judge and the former lead trial deputy, had instructed Polando to keep the use of hypnosis secret from the court and the Plaintiff.

**ANSWER: Defendants City of Elkhart and John Faigh are without sufficient information and knowledge to form an opinion as to the truth of the allegations contained in paragraph 35 of Plaintiff's Complaint.**

36.     Instead, to his credit, Mr. Polando went against Defendant Wicks desire to continue the cover-up, and first exposed Defendant Wicks' misconduct.

**ANSWER: Defendants City of Elkhart and John Faigh are without sufficient information and knowledge to form an opinion as to the truth of the allegations contained in paragraph 36 of Plaintiff's Complaint.**

37.     Despite this revelation, the Plaintiff's conviction was not overturned and then dismissed until sometime after the Seventh Circuit's February 1, 2019 decision to grant the Plaintiff's federal habeas corpus petition.

**ANSWER: Defendants City of Elkhart and John Faigh are without sufficient information and knowledge to form an opinion as to the truth of the allegations**

contained in paragraph 37 of Plaintiff's Complaint.

38. The fact that hypnosis had been used to manipulate Carey's memory was exculpatory and/or impeachment evidence which the Plaintiff's attorneys would have used to undermined the testimony of the state's sole eye-witness, had the Plaintiff's attorneys known about it at trial.

**ANSWER: Defendants City of Elkhart and John Faigh are without sufficient information and knowledge to form an opinion as to the truth of the allegations contained in paragraph 38 of Plaintiff's Complaint.**

39. The hiding of this information violated the Plaintiff's right to a fair trial.

**ANSWER: Defendants City of Elkhart and John Faigh are without sufficient information and knowledge to form an opinion as to the truth of the allegations contained in paragraph 39 of Plaintiff's Complaint.**

40. There was never probable cause to suspect the Plaintiff of the shooting he was only implicated after the individual Defendants conducted the suggestive identifications described above.

**ANSWER: Defendants City of Elkhart and John Faigh deny the allegations contained in paragraph 40 of Plaintiff's Complaint.**

41. On April 26, 2019, the case against the Plaintiff was dismissed by the Elkhart Superior Court, resolving the Plaintiff's criminal case in a manner consistent with the Plaintiff's innocence.

**ANSWER: Defendants City of Elkhart and John Faigh are without sufficient information and knowledge to form an opinion as to the truth of the allegations**

contained in paragraph 41 of Plaintiff's Complaint.

COUNT I
42 U.S.C. 1983 Due Process Claim
For Violation of the Plaintiff's Right to a Fair Trial Plaintiff v. Defendants Faigh and
Wicks

42.     The Plaintiff realleges every paragraph in this Complaint in this Count.

**ANSWER: Defendants City of Elkhart and John Faigh hereby incorporate their answers to paragraphs 1-41 as the answer to paragraph 42 of Plaintiff's Complaint.**

43.     Defendants Faigh and Wicks created and/or participated in unduly suggestive identification procedures, and they did so unreasonably, willfully, wantonly, and/or intentionally. Defendants Faigh and Wicks also withheld exculpatory and/or impeaching material from the Plaintiff, in violation of the Plaintiff's fair trial rights, pursuant to *Brady*.

**ANSWER: Defendants City of Elkhart and John Faigh deny the allegations contained in paragraph 43 of Plaintiff's Complaint.**

44.     Moreover, Defendants Faigh and Wicks manufactured false evidence in violation of the Plaintiff's right to a fair trial, namely the false identifications of the Plaintiff.

**ANSWER: Defendants City of Elkhart and John Faigh deny the allegations contained in paragraph 44 of Plaintiff's Complaint.**

45.     These identification procedures, withholding of such evidence and/or the manufacturing of such evidence, resulted in the tainting of the sole witness's testimony, irreparably harmed the Plaintiff's right to receive a fair trial (in violation

of the Plaintiff's constitutional due process and fair trial rights), causing the Plaintiff damages including but not limited to loss of liberty, loss of income, and emotional injuries related to his wrongful imprisonment.

**ANSWER: Defendants City of Elkhart and John Faigh deny the allegations contained in paragraph 45 of Plaintiff's Complaint.**

COUNT II
42 U.S.C. 1983 *Manuel* Fourth Amendment Unlawful Detention Claim Plaintiff v. Defendants Faigh and Wicks

46.     The Plaintiff realleges every paragraph in this Complaint in this Count.

**ANSWER: Defendants City of Elkhart and John Faigh hereby incorporate their answers to paragraph 1-45 as the answer to paragraph 46 of Plaintiff's Complaint.**

47.     Defendants Faigh and Wicks, acting willfully and wantonly, caused the Plaintiff to be detained without there existing any probable cause to believe that the Plaintiff had committed a crime. Defendants Faigh and Wicks did so in violation of the Plaintiff's rights under the Fourth Amendment.

**ANSWER: Defendants City of Elkhart and John Faigh deny the allegations contained in paragraph 47 of Plaintiff's Complaint.**

48.     The Defendants' conduct caused the Plaintiff damages including but not limited to loss of liberty, loss of income, and emotional injuries related to his wrongful prosecution and imprisonment.

**ANSWER: Defendants City of Elkhart and John Faigh deny the allegations contained in paragraph 48 of Plaintiff's Complaint.**

## 42 U.S.C. 1983 *Julian* Due Process Malicious Prosecution Claim Plaintiff v. Defendants Faigh and Wicks

49.     The Plaintiff realleges every paragraph in this Complaint in this Count.

**ANSWER: Defendants City of Elkhart and John Faigh hereby incorporate their answers to paragraph 1-48 as the answer to paragraph 49 of Plaintiff's Complaint.**

50.     Defendants Faigh, and Defendant Wicks, acting willfully, wantonly and maliciously, caused the Plaintiff to be detained, prosecuted and imprisoned without there being genuine probable cause to believe that the Plaintiff had committed a crime, in violation of the Plaintiff's due process rights under the Fifth and Fourteenth amendments.

**ANSWER: Defendants City of Elkhart and John Faigh deny the allegations contained in paragraph 50 of Plaintiff's Complaint.**

51.     The Defendants' conduct caused the Plaintiff damages including but not limited to loss of liberty, loss of income, and emotional injuries related to his wrongful imprisonment.

**ANSWER: Defendants City of Elkhart and John Faigh deny the allegations contained in paragraph 51 of Plaintiff's Complaint.**

## COUNT IV
### 42 U.S.C. 1983 – *Monell* Claim Plaintiff v. Defendant City of Elkhart

52.     Each paragraph of this Complaint is fully restated and incorporated herein.

**ANSWER: Defendants City of Elkhart and John Faigh hereby incorporate their**

answers to paragraph 1-51 as the answer to paragraph 52 of Plaintiff's Complaint.

53.     The Plaintiff had a (sic) fundamental rights under the Fourth, Fifth and Fourteenth Amendments to not be falsely detained, maliciously prosecuted and denied his right to a fair trial.

**ANSWER: This paragraph does not contain any allegations against the City of Elkhart or John Faigh and does not require a response. To the extent this paragraph is construed to contain any allegations against them, the Defendants City of Elkhart and John Faigh deny the allegations contained in paragraph 53 of Plaintiff's Complaint.**

54.     Defendant Faigh was at all times relevant to this complaint employed by Defendant City of Elkhart and was acting within the scope of his employment.

**ANSWER: Defendants City of Elkhart and John Faigh admit the allegations contained in paragraph 54 of Plaintiff's Complaint.**

55.     Defendant Faigh was acting under color of law at all times.

**ANSWER: Defendants City of Elkhart and John Faigh admit the allegations contained in paragraph 55 of Plaintiff's Complaint.**

56.     Additionally and/or alternatively, the City of Elkhart's actions or inactions in this case supply the requisite color of law element to this Section 1983 action.

**ANSWER: Defendants City of Elkhart and John Faigh deny the allegations contained in paragraph 56 of Plaintiff's Complaint.**

57.     The City's failure to properly supervise, train, and discipline Defendant Faigh allowed him to act with impunity and to use his police power to frame innocent

persons such as the Plaintiff.

**ANSWER: Defendants City of Elkhart and John Faigh deny the allegations contained in paragraph 57 of Plaintiff's Complaint.**

58.    At all relevant times, the Defendant City of Elkhart had a custom of failing to properly train, supervise and discipline its police officers, Defendant Faigh included.

**ANSWER: Defendants City of Elkhart and John Faigh deny the allegations contained in paragraph 58 of Plaintiff's Complaint.**

59.    At all relevant times, the Defendant City of Elkhart had, in effect, policies and procedures, rules, regulations, and general orders regarding the conduct of both on and off duty officers, agents, representatives, and or employees.

**ANSWER: Defendants City of Elkhart and John Faigh admit the allegations contained in paragraph 59 of Plaintiff's Complaint.**

60.    Defendant City of Elkhart had a duty to institute and promulgate procedures, investigations and disciplinary actions that would have protected the Plaintiff, but it failed to do so.

**ANSWER: Defendants City of Elkhart and John Faigh deny the allegations contained in paragraph 60 of Plaintiff's Complaint.**

61.    Defendant City of Elkhart had a duty to institute and maintain a proper early warning system to identify problem officers but failed to do so.

**ANSWER: Defendants City of Elkhart and John Faigh deny the allegations contained in paragraph 61 of Plaintiff's Complaint.**

62. The Defendant City of Elkhart's failure was the direct cause of Defendant Faigh's misconduct, which is elsewhere described in this complaint.

**ANSWER: Defendants City of Elkhart and John Faigh deny any misconduct as alleged by paragraph 62 of Plaintiff's Complaint.**

63. Defendant City of Elkhart's had a *de facto* policy and practice of allowing its police officers to frame innocent persons though unduly suggestive and identification procedures, through the withholding of *Brady* materials, and through the manufacturing of evidence, including but not limited to the use of such similar unconstitutional procedures in the case of Keith Cooper and Christopher Parish, two innocent men who were framed for a 1996 robbery through false identification procedures by one or more Defendant City officers, who did not face termination for such actions, which merely emboldened Defendant Faigh's conduct in this case.

**ANSWER: Defendants City of Elkhart and John Faigh deny the allegations contained in paragraph 63 of Plaintiff's Complaint.**

64. Defendant City is notorious for not disciplining officers, and the officers in the Cooper and Parish case had long disciplinary histories, but Defendant Faigh's disciplinary history was even longer.

**ANSWER: Defendants City of Elkhart and John Faigh deny the allegations contained in paragraph 64 of Plaintiff's Complaint.**

65. In fact, all or nearly all detectives and high-ranking Elkhart officers, including Defendant Faigh, had or have long disciplinary histories, yet the Chief continued to promote them anyway, again emboldening officers such as Defendant

Faigh to commit the type of misconduct described in this complaint.

**ANSWER: Defendants City of Elkhart and John Faigh deny the allegations contained in paragraph 65 of Plaintiff's Complaint.**

66. This misconduct has been going on for decades, and and, in fact, in 1994, Defendant City commissioned a report indicating that the Police Department had a systematic practice of failing to properly train, supervise, and discipline officers who commit serious misconduct. Yet, despite the issuance of this 1994 report, no significant reforms were taken, and Defendant City's failure to adequately discipline officers such as Defendant Faigh continued, causing injury to the Plaintiff.

**ANSWER: Defendants City of Elkhart and John Faigh deny the allegations contained in paragraph 66 of Plaintiff's Complaint.**

67. As a result of Defendant City's policies, practices, and customs, the Plaintiff suffered damages, including but not limited to those described above.

**ANSWER: Defendants City of Elkhart and John Faigh deny the allegations contained in paragraph 67 of Plaintiff's Complaint.**

**COUNT V**
**Indemnification (State Law Claim) Plaintiff v. the City of Elkhart**

68. The Plaintiff brings state-law indemnification claims against the City of Elkhart for any judgment entered against its officer Defendant Faigh.

**ANSWER: This paragraph does not contain any allegations against the City of Elkhart or John Faigh and does not require a response. To the extent this paragraph is construed to contain any allegations against them, Defendants City of Elkhart and**

John Faigh deny the allegations contained in paragraph 68 of Plaintiff's Complaint.

**WHEREFORE**, Defendants, City of Elkhart and John Faigh, by counsel, request that Plaintiff take nothing by his Complaint, enter a judgment in these Defendants' favor and against Plaintiff, and for these Defendants' costs and fees in defense of this action, and for all other proper relief.

NEWBY LEWIS KAMINSKI & JONES, LLP

By  /s/ Martin W. Kus
Martin W. Kus, #5377-46
Nicholas T. Otis, # 27992-64
916 Lincolnway, P.O. Box 1816
La Porte, IN  46350
Telephone (219) 362-1577
Facsimile (219) 362-2106
Email:  Mwkus@nlkj.com
          Ntotis@nlkj.com
*Attorneys for the Defendants, City of Elkhart and John Faigh*

## AFFIRMATIVE DEFENSES

Defendants City of Elkhart, Indiana and John Faigh, by counsel, state the following Affirmative Defenses to Plaintiff's Complaint:

1. The Complaint for Damages fails to state a claim upon which relief can be granted.

2. These Defendants expressly reserve all immunities to which they are entitled under the laws of the State of Indiana or the United States of America.

3. Plaintiff has failed to state a claim under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

4. These Defendants are entitled to a qualified immunity from damages with respect to any claim of the Plaintiff based upon federal constitutional principled or federal law because their actions were objectively reasonable and did not violate clearly established principles of law.

5. Plaintiff lacks standing to bring his claim.

6. The Complaint for Damages is barred by the applicable statute of limitations.

7. The Complaint for Damages' claims are barred by the principle of *res judicata* and collateral estoppel as set forth is *Heck v. Humphrey, 512 U.S. 477 (1994)*.

8. The Plaintiff has waived the claims alleged in the Complaint for Damages.

9.     These Defendants are entitled to immunity under the Indiana Tort Claim Act, Indiana Code § 34-13-3-3, and under the Indiana common law for any state law tort claims.

10.     These Defendants are entitled to immunity under the Indiana Tort Claims Act, Indiana Code § 34-13-3-6, in that the Plaintiff failed to timely file a tort claims notice against these Defendants.

11.     Plaintiff's contributory negligence bars any state law claims against this Defendant.

12.     These Defendants are entitled to absolute immunity, including absolute immunity from punitive damages.

13.     These Defendants were at all times performing discretionary functions and its conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known about and they are therefore entitled to immunity.

14.     Plaintiff's rights, privileges, and immunities secured under the Constitution or laws of the United States have not been violated by any alleged action of this Defendant.

15.     These Defendants at all times operated under a good faith belief that their actions were lawful, and this belief was reasonable under the law as interpreted at the time and is entitled to a qualified or good faith immunity for its actions taken.

16.     These Defendants' actions were taken with objective good faith reliance upon information available to them at all relevant times with collective knowledge.

17.     These Defendants had a reasonable suspicion to stop Plaintiff, detain or arrest him and exigent circumstances existed. These Defendants' actions were supported by probable cause.

18.     To the extent the Plaintiff seeks to arrest that the City of Elkhart is vicariously liable for the acts of Defendant John Faigh, it is not liable to Plaintiff under a theory of *respondeat superior* for purposes of claims brought pursuant to 42 U.S.C.§ 1983.

19.     To the extent Plaintiff's state law claims are leveled against Defendant John Faigh, they are barred pursuant to I.C. §34-13-3-5 because John Faigh acted within the scope of his employment.

20.     The actions or inactions of these Defendants did not cause Plaintiff's injuries and were not the proximate cause of the Plaintiff's injuries.

21.     Any recovery by Plaintiff for state law claims is barred or to be reduced in accordance with the Indiana Collateral Source statute and the legal and equitable principles of payment, satisfaction, accord and satisfaction, set-off and rules barring windfalls and double recovery.

22.     Plaintiff has failed to mitigate his damages.

23.     Plaintiff has failed to exhaust all his administrative remedies and/or State law remedies.

24.     These Defendants incorporate by reference any applicable affirmative defenses raised by Co-Defendant, not already asserted herein.

**WHEREFORE**, Defendants, City of Elkhart and John Faigh, by counsel, request that Plaintiff take nothing by his Complaint, enter a judgment in these Defendants' favor and against Plaintiff, and for these Defendants' costs and fees in defense of this action, and for all other proper relief.

NEWBY LEWIS KAMINSKI & JONES, LLP

By  /s/ Martin W. Kus
Martin W. Kus, #5377-46
Nicholas T. Otis, # 27992-64
916 Lincolnway, P.O. Box 1816
La Porte, IN  46350
Telephone (219) 362-1577
Facsimile (219) 362-2106
Email:  Mwkus@nlkj.com
          Ntotis@nlkj.com
*Attorneys for the Defendants, City of Elkhart and John Faigh*

## JURY DEMAND

Defendants, City of Elkhart and John Faigh, hereby respectfully request that the above-captioned matter be tried to a jury.

NEWBY LEWIS KAMINSKI & JONES, LLP

By  /s/ Martin W. Kus
Martin W. Kus, #5377-46
Nicholas T. Otis, # 27992-64
916 Lincolnway, P.O. Box 1816
La Porte, IN  46350
Telephone (219) 362-1577
Facsimile (219) 362-2106
Email:  Mwkus@nlkj.com
          Ntotis@nlkj.com
*Attorneys for the Defendants, City of Elkhart and John Faigh*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF
## INDIANA SOUTH BEND DIVISION

| | |
|---|---|
| MACK SIMS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) CASE NO.  3:19-CV-01168-JD-MGG |
| | ) |
| | ) **JURY DEMANDED** |
| CHARLES WICKS, a former Elkhart | ) |
| County Prosecutor, | ) |
| CITY OF ELKHART, an Indiana | ) |
| Municipality, | ) |
| JOHN FAIGH, an Elkhart Police Officer, | ) |
| | ) |
| Defendants. | ) |

## PROOF OF SERVICE

I hereby certify that on the 8th day of April 2020 I electronically filed a complete copy of Defendants, City of Elkhart and John Faigh Answer to Plaintiff's Complaint, Affirmative Defenses, Jury Demand and this Proof of Service with the Clerk of the Court CM/ECF system:

Richard Dvorak : richard.dvorak@civilrightsdefenders.com;
Archer Riddick Rose, Jr. : Archer.Rose@atg.in.gov;
Bryan R. Findley@atg.in.gov;
Nicholas T. Otis : ntotis@nlkj.com

### NEWBY LEWIS KAMINSKI & JONES, LLP

By:  /S/ Martin W. Kus