## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF INDIANA SOUTH BEND DIVISION

MACK SIMS,

    Plaintiff,

      v.

CHARLES WICKS, a former Elkhart
County Prosecutor,
CITY OF ELKHART, an Indiana
Municipality,
JOHN FAIGH, an Elkhart Police Officer,

    Defendants.

)
)
)
)
) **CASE NO.   3:19-CV-01168-JD-MGG**
)
)     **JURY DEMANDED**
)
)
)
)
)
)
)

## REPORT OF PARTIES' PLANNING MEETING

1. The parties held a telephonic planning meeting under Fed. R. Civ. P. 26(f) and agreed to this report on April 28, 2020, Richard Dvorak participated for the plaintiff Mack Sims, Nicholas Otis participated for the defendants City of Elkhart and John Faigh, and Bryan Findley participated for the defendant Charles Wicks.

2. Jurisdiction.

   The court has original jurisdiction under **28 U.S.C. §1331 based upon the plaintiff's allegations that he was convicted of a felony, Attempted Murder in the Elkhart County in violation of his due process rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and deprived of his federal constitutional rights under color of law pursuant to 42 U.S.C. §1983. Additionally, the court has supplemental jurisdiction to hear the claims based on state law, pursuant to 28 U.S.C. §1367.**

3. Pre-Discovery Disclosures.

   The parties will exchange, *but may not file*, Rule 26(a)(1) information by **June**

26, 2020.

4. Discovery Plan.

The parties propose the following discovery plan.

    **a.** Discovery will be needed on the following subjects: **(i) liability (was plaintiff wrongly convicted); (ii) relief, if plaintiff establishes liability (plaintiff's alleged damages); and (iii) defendants' defenses.**

    b. Disclosure or discovery of electronically stored information should be handled as follows:

**The parties have discussed preservation and disclosure of electronically stored information (ESI) including a timetable for making materials available to the opposing parties. To the extent the parties request filed or copies of documents, the parties agree that such requests shall be provided to the other party in the normal and traditional course of discovery, with the producing party bearing the cost of assembling the request. To the extent a party requests to examine a hard drive, server, computer, voice mail system or other electronic device or component, the party making the request shall bear the cost of the examination and may examine the device or component at a mutually agreeable time and in a commercially reasonable manner.**

**Disclosures of ESI will be limited to data that is reasonably available and accessible to parties in the ordinary course of business. The parties agree to limit disclosures of and production of ESI to computer hard drives and central servers and any archived email databases as utilized by the parties. The inadvertent production of any privileged or otherwise protected ESI or documents shall not be deemed a waiver or impairment of any claim of privilege or protection including but not limited to attorney/client privilege or work product doctrine immunity, provided the producing party promptly notifies the receiving party of the inadvertent production. Upon notification, the receiving party shall retrieve and return any such material and the receiving party's counsel shall not use such information for any purpose until further order of the court. Any analyses, memoranda or notes which were generated based upon such inadvertently produced information shall immediately be treated in conformance with the protected nature of the information. The producing party must also preserve the information until any dispute regarding ESI or document is resolved.**

**At this time the parties do not know of additional electronic discovery issues that may arise. If additional issues arise not governed by this**

**supplement, the parties agree to work in good faith toward resolution of the matter before bringing the issue to the court's attention.**

c. The last date to complete all fact discovery is **June 1, 2021**.

d. Maximum of **35** interrogatories by each party to any other party; Rule 33(a)(1), FRCP.

e. Maximum of **25** requests for admission by each party to any other party.

f. Maximum of **20** depositions by plaintiff and **20** by defendants. All parties acknowledge plaintiff has a *Monell* claim which may require additional depositions. Each deposition [other than of **the named parties**] is limited to a maximum of **7** hours unless extended by stipulation. Rule 30(d)(1), FRCP.

g. The parties must disclose the identity of any Rule 26(a)(2) witness and the witness's written report by:

    i. **July 1, 2021** for plaintiff;

    ii. **September 2, 2021** for defendants;

    iii. **October 1, 2021** for Rule 26(e) supplements;

    iv. **November 1, 2021** expert discovery deadline.

5. Other Items.

a. The last date the plaintiff may seek permission to join additional parties and to amend the pleadings is **July 15, 2020**.

b. The last date the defendants may seek permission to join additional parties and to amend the pleadings is **August 14, 2020**.

c. The time to file Rule 26 (a)(3) pretrial disclosures will be governed by separate order.

d. Because the parties anticipate dispositive motions the case should be ready for jury trial by **September 1, 2022** and at this time is expected to take approximately 7-10 days.

6. Alternative Dispute Resolution.

The case's settlement prospects may be enhanced via the following ADR procedure:

The Parties would request a status conference with the Magistrate Judge regarding settlement in the fall of 2020.

Date: April 28, 2020

/s/ Richard Dvorak
Richard Dvorak
**DVORAK LAW OFFICES, LLC**
6262 Kingery Highway, Suite 305
Willowbrook, IL 60527
(630) 568-3190
[Richard.dvorak@civilrightsdefenders.com](mailto:Richard.dvorak@civilrightsdefenders.com)
*Counsel for the Plaintiff, Mack Sims.*

/s/ Nicholas T. Otis
Nicholas T. Otis #27992-64
Martin W. Kus, #5377-47
**NEWBY, LEWIS, KAMINSKI & JONES, LLP.**
916 Lincolnway, La Porte, IN 46552
(219) 362-1577
[ntotis@nlkj.com](mailto:ntotis@nlkj.com)
[mwkus@nlkj.com](mailto:mwkus@nlkj.com)
*Counsel for Defendants City of Elkhart and John Faigh*

/s/ Bryan R. Findley
Bryan R. Findley, #34447-30
Curtis T. Hill, Jr. #13999-20
Indiana Attorney General
Deputy Attorney General
Archer Rose, Jr. #35969-49
Deputy Attorney General
**OFFICE OF THE INDIANA ATTORNEY GENERAL**
Indiana Government Center South, 5th Floor
302 W. Washington St.
Indianapolis, IN 46204-2770
(317) 232-6217
[Bryan.Findley@atg.in.gov](mailto:Bryan.Findley@atg.in.gov)
[Archer.Rose@atg.in.gov](mailto:Archer.Rose@atg.in.gov)
*Counsel for Defendant Charles Wicks*

IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF INDIANA SOUTH BEND DIVISION

MACK SIMS,                                    )
                                              )
        Plaintiff,                            )
                v.                            )
                                              )  CASE NO.   3:19-CV-01168-JD-MGG
                                              )
                                              )       JURY DEMANDED
CHARLES WICKS, a former Elkhart               )
County Prosecutor,                            )
CITY OF ELKHART, an Indiana                   )
Municipality,                                 )
JOHN FAIGH, an Elkhart Police Officer,        )
                                              )
        Defendants.                           )

---

## PROOF OF SERVICE

---

        I hereby certify that on the 28th day of April 2020 I electronically filed a
complete copy of Parties Report of Planning Meeting and this Proof of Service with
the Clerk of the Court CM/ECF system:

        Richard Dvorak : richard.dvorak@civilrightsdefenders.com;
              Archer Riddick Rose, Jr. : Archer.Rose@atg.in.gov;
                    Bryan R. Findley@atg.in.gov;
                    Martin W. Kus: Mwkus@nlkj.com


                    NEWBY LEWIS KAMINSKI & JONES, LLP


                    By:  /s/ Nicholas T. Otis