# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| MACK SIMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO. 3:19CV1168 JD -MGG |
| CITY OF ELKHART, ET AL., | ) ) ) |
| Defendants. | ) |

## SCHEDULING ORDER

On April 10, 2020, the parties were ordered to submit a joint proposed report no later than April 29, 2020. On April 28, 2020, the parties filed a proposed discovery report. There being no objections from parties, this Court now **ADOPTS** the parties discovery plan and establishes the following deadlines:

1. <u>Pre-Discovery Disclosures</u>.

The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) by **June 26, 2020.**

2. <u>Amendment of Pleadings</u>.

The last date to amend the pleadings without leave of court as to plaintiff is **July 15, 2020**; as to defendants is **August 14, 2020**. Thereafter, any amendments to the pleadings must be by motion and leave of court.

3. <u>Discovery Plan</u>.

The parties have agreed that the deadline for completion of fact discovery is June 1, 2021.

1

Each party may serve a maximum of 35 interrogatories and 25 requests for admission on any other party.

Each party may conduct a maximum of 20 depositions, limited to maximum of 7 hours, unless extended by agreement of parties or order of the court.

The Court having considered the parties submission concerning electronic discovery disputes, now adopts and incorporates by reference the parties' agreement as contained in the Report of Parties Planning Meeting of April 28, 2020**.**

The serving of reports from retained experts under Rule 26(a)(2) are due from plaintiff by **July 1, 2021**; and from defendants by **September 2, 2021**.

Supplementation under Rule 26(e) due every **six weeks** until trial.

**The last date for the completion of ALL DISCOVERY including expert depositions is November 1, 2021.** No extension of this discovery deadline will be granted without good cause and the Court's consent pursuant to Fed. R. Civ. P. 16(b)(4).

4. <u>Other Items</u>.

The presiding judge will hold a status conference to set a final pretrial conference and trial. To facilitate this status conference and a prompt trial date, **the last date to file any discovery-related nondispositive motion shall be 30 days prior to the discovery deadline.** No motion to extend discovery or to continue other pretrial deadlines will be approved after this motion deadline unless for extraordinary reasons directed to the presiding judge. Good cause will not be sufficient to constitute an extraordinary reason. Accordingly, the parties are advised to complete timely discovery and, if necessary, file any motion to continue pretrial deadlines, motion to compel, or such motions that may impact the schedule well enough in advance of this deadline to permit any necessary briefing and time for the court to rule.

The timing for filing witness and exhibit disclosures under Fed. R. Civ. P. 26 (a)(3) shall be governed by separate order issued by the presiding judge. Likewise, deadlines related to motions *in limine, Daubert* motions, and motions to quash or strike either witnesses or evidence,

As the presiding judge will set the deadline for dispositive motions and trial date, the summary judgment deadline in Fed. R. Civ. P. 56 shall not apply in this case.

This case is now set for a telephonic scheduling conference before the Honorable Michael G. Gotsch, Sr. to select an appropriate time for conducting a full settlement conference on **November 10, 2020 at 11:45 A.M. (EST).**

The court will call all counsel listed on the docket sheet unless it is notified that specified attorneys need not be contacted. If, at the time of the scheduled conference, you will not be at the telephone number identified on the docket sheet, notify court staff at (574) 246-8100 of the number at which you can be reached.

The Court hereby **VACATES** the scheduling conference for **May 26, 2020 at 11:15 A.M**. (EDT).

SO ORDERED May 15, 2020.

    s/Michael G. Gotsch, Sr.
    Michael G. Gotsch, Sr.
    United States Magistrate Judge

**EXPLANATION OF SCHEDULING ORDER:**

This explanation attempts to resolve ambiguities that have arisen in the past concerning the meaning of deadlines and other issues. The scheduling order must be enforced to allow the orderly handling of all the cases on the court's docket. Accordingly, pursuant to Fed. R. Civ. P. 16(b) and § 2.03(g) of this court's Civil Justice Expense and Delay Reduction Plan, the deadlines will be modified only for good cause shown. This explanation of the scheduling order is meant to assist you in preparing the case within those deadlines, without running afoul of any misinterpretation.

A. <u>Discovery</u>.

    1. <u>Time limit for discovery requests</u>. All discovery other than depositions must be initiated at least forty-five days before the cut-off date. A deposition commenced at least five days before the cut-off date may continue beyond the cut-off date. Notices of deposition shall be served on opposing counsel at least fifteen days before the deposition date.

    2. <u>Discovery disputes</u>. Fed. R. Civ. P. 1 requires that the rules of procedure be construed to secure the just, speedy, and inexpensive determination of every action. Accordingly, discovery should be consistent with the needs and importance of the case, and be so conducted as to minimize the burden of discovery and concentrate on issues genuinely in dispute. You should be able to resolve substantially all discovery disputes without the court's intervention or assistance. You should note N.D. Ind. L.R. 37-1 concerning the obligation of the parties to confer before enlisting the court's assistance under Fed. R. Civ. P. 26 or 37. To allow the court's compliance with Fed. R. Civ. P. 26(c) and 37(a)(4) in the event a discovery dispute reaches the court, counsel should be prepared to state, in terms of hours expended and hourly rate, the fees and expenses incurred with respect to the discovery issue.

B. <u>Other matters</u>.

    1. <u>Modification of order; continuances</u>. Unless otherwise provided by specific order or local rule, continuances or extensions of time with respect to the deadlines for amendments, discovery, and dispositive motions will be granted only upon a convincing showing of good cause, upon a request made before the pertinent deadline has expired. <u>See</u> Fed. R. Civ. P. 16(b)(4); Civil Justice Plan § 2.03(g). Lack of diligence or failure to comply with the scheduling order cannot be considered good cause. Absent disabling circumstances, the deadline for completion of discovery will not be extended unless there has been active discovery. Stipulations for extensions will be considered, of course, but, without more, do not amount to good cause for an extension of a deadline. A motion to extend the discovery deadline should set forth (a) a statement of the discovery completed, (b) a specific description of the discovery that remains to be done, (c) a statement of the reason(s) discovery was not completed within the time allowed, and (d) a proposed schedule for the completion of the remaining discovery.

    2. <u>Briefing schedules</u>. The briefing schedule set forth in N.D. Ind. L.R. 7-1 shall apply to all motions, other than motions for summary judgment. In other words, the response to any motion (other than for summary judgment) shall be due not more than fourteen days after service of the motion, and the movant's reply shall be due not later than seven days after service of the response. If you do not intend to file a response or reply, please inform the courtroom deputy clerk, Sharon Macon (574-246-8104), so that no unnecessary delay arises from awaiting a brief that will not be filed. While the parties may have agreed to a deadline for the filing of a dispositive motion, the presiding judge will set that deadline as well as a deadline for filing Daubert motions and a trial date. The court will presume that motions for enlargement of time (other than for extension of the deadlines set forth in this order) will not be opposed; if you intend to oppose a request for enlargement of time, notify the courtroom deputy clerk immediately.

3. <u>Settlement</u>.  The court encourages counsel to pursue the possibility of settlement vigorously during the entire pendency of this action, through and including the end of trial. Private negotiations are the most cost-effective approach to settlement.  Civil Justice Expense and Delay Reduction Plan, § 4.01; *see* also N.D. Ind. L.R. 16-6 (prioritizing alternative dispute resolution in case management).

4. <u>Further conferences or hearings</u>.  Hearings on motions will be scheduled as needed.  If lengthy discovery has been allowed, interim status conferences may be scheduled to monitor the case's progress and address any issues that may have arisen.