IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MACK SIMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | 3:19-cv-1168-JD-MGG |
| CHARLES WICKS, a former Elkhart | ) | |
| County Prosecutor, | ) | |
| CITY OF ELKHART, an Indiana | ) | |
| Municipality, | ) | |
| JOHN FAIGH, an Elkhart Police Officer, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S UNOPPOSED FIRST MOTION FOR AN EXTENSION
OF TIME TO CONDUCT DISCOVERY**

The Plaintiff, MACK SIMS, by and through one of his attorneys, Richard Dvorak, of DVORAK LAW OFFICES, LLC; hereby moves this Court to extend the discovery deadlines in this matter by six months. In support of his motion the Plaintiff states the following:

1. The Complaint in this matter was filed in December of 2019.

2. The COVID-19 pandemic has complicated the retrieval of documents and the scheduling of depositions in this matter.

3. The parties experienced delays and difficulties obtaining access to the full appellate records in Mr. Sims' underlying criminal matter.

1

4. The Plaintiff alleges various Section 1983 claims against then Elkhart Police Detective John Faigh and then Elkhart County Deputy Prosecutor Charles Wicks, in addition to a *Monell* claim against Defendant City of Elkhart.

5. The Plaintiff was arrested on the attempt murder charges that underly this case in 1994, and was released from custody in 2019 after the Seventh Circuit overturned his conviction in a ruling on his habeas corpus petition.

6. Thus, the appellate records includes both his direct appeal, his post-conviction hearings, and his federal habeas corpus records. These records are extremely voluminous.

7. Getting these records during normal times is time consuming and difficult. During COVID-19 times, however, this challenge was even more laborious.

8. This caused significant delay in getting the necessary records to begin depositions.

9. The parties originally planned on beginning the depositions in March, however, these depositions needed to be rescheduled because Detective Faigh was deposed in another matter, and the subject of this case came up during the deposition. Thus, the parties need to order this deposition and review it before doing his deposition. This also caused delay in doing the deposition of Defendant Wicks, since the Plaintiff wants to do Detective Faigh's deposition before that of Defendant Wicks, to establish whether certain *Brady* materials were tendered to the prosecution.

10. Additionally, there has been delay on Plaintiff's counsel schedule because of the heavy workload of his practice. Initial delays due to COVID-19 have resulted in many depositions being taken at once in Fall of 2020 and Spring of 2021. One of

these cases, *Wilson v. Sauk Village*, 20 CV 01861, pending in the Northern District of Illinois has a discovery cut-off date of April 30, 2021. Currently, there are currently 16 depositions scheduled in that case.

11. Finally, the Plaintiff's deposition did not proceed earlier because the Defendants (as is their right) wanted to proceed with his deposition in person, and Plaintiff's counsel was not comfortable with this occurring in person until recently, since he now is fully vaccinated.

12. The Plaintiff, therefore, asks that all discovery deadlines be extended by six months, more specifically:

    a. That the close of fact discovery be extended to December 1, 2021.

    b. That the deadline for the Plaintiff's expert witness disclosures be extended to January 10, 2022.

    c. That the deadline for the Defendant's expert witness disclosures be extended to March 10, 2022.

    d. That the close of expert discovery be extended to May 17, 2022[1].

13. The parties also ask that the settlement conference set for April 22 be rescheduled until December of 2021, after the close of discovery, but before expert disclosures are due.

14. This is the parties' first request for an extension of the discovery deadlines.

---

1 These expert deadlines were extended an additional week due to the holidays at the end of the year.

15. This motion is brought in good faith and not for the purpose of causing undue delay or prejudice to any party.

16. The Defendants do not oppose this motion.

Wherefore, for the reasons stated above, the Plaintiff respectfully asks that this Court extend all discovery deadlines by six months.

Respectfully Submitted
*s/Richard Dvorak*
Richard Dvorak
An Attorney for the Plaintiff

Richard Dvorak
DVORAK LAW OFFICES, LLC
6262 Kingery Highway, Suite 305
Willowbrook, IL 60527
630-568-3190 (p)
(312) 873-3869 (f)
richard.dvorak@civilrightsdefenders.com

# CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on March 25, 2021, he caused the above document to be served upon counsel of record, via the Court's electronic filing system.

Respectfully Submitted
*s/Richard Dvorak*
Richard Dvorak
An Attorney for the Plaintiff

Richard Dvorak
DVORAK LAW OFFICES, LLC
6262 Kingery Highway, Suite 305

Willowbrook, IL 60527  
630-568-3190 (p)  
(312) 873-3869 (f)  
richard.dvorak@civilrightsdefenders.com