UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MACK SIMS,<br><br>   Plaintiff,<br><br> v.<br><br>CITY OF ELKHART, et al.,<br><br>   Defendants. | Case No. 3:19-cv-1168-JD-MGG |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO QUASH NON-PARTY SUBPOENA
AND FOR ENTRY OF PROTECTIVE ORDER**

  The subpoena for deposition testimony served on sitting Indiana magistrate judge Hon. Graham Polando ("Judge Polando") should be quashed, and a protective order should be entered shielding him from providing testimony in this matter. Requiring Judge Polando to give deposition testimony would force him to violate the Indiana Code of Judicial Conduct Rules 1.3, 2.10, and 3.3. Further, Judge Polando's testimony is not necessary to advance the plaintiff's case. Therefore, the Court should quash the subpoena.

  **I. Introduction**

  Non-party Hon. Graham Polando serves as a Magistrate Judge for the St. Joseph County Probate Court. Judge Polando has held that position since September 2013. Earlier in his legal career, Judge Polando worked in the Elkhart County Prosecutor's Office, first as a legal intern beginning in May 2007 and then as a deputy prosecuting attorney upon his passage to the Indiana Bar in late 2007. Judge Polando served as a deputy prosecuting attorney in Elkhart County until September 2012, at which time he became a deputy prosecuting attorney in Marshall County, a role he held until he began his current role.

In August 2011, Plaintiff, while still incarcerated, initiated post-conviction relief proceedings in Elkhart County, under Cause No: 20D01-1108-PC-00005. Judge Polando, then as deputy prosecuting attorney, represented the State of Indiana in those proceedings, which ultimately resulted in the denial of Plaintiff's request for post-conviction relief. It is Judge Polando's role as deputy prosecutor in those proceedings that is believed to have lead to the subject Subpoena for deposition testimony.

On January 31, 2023, Plaintiff served Judge Polando with a subpoena for deposition testimony, which is attached as Exhibit A. The subpoena noticed a video deposition to be held on February 20, 2023 (President's Day) in South Bend, IN. The subpoena was issued several months after undersigned counsel discussed the potential deposition with Plaintiff's counsel in July 2022. During their July 2022 discussion, undersigned explained that a Motion to Quash would be likely, particularly in light of the Court's recent ruling on a substantially similar request in the cause *Keith Cooper v. Steve Rezutko, et al.*, Case No: 3:17-CV-834-PPS-MGG, which is attached as Exhibit B. In the present, despite the ruling in the *Keith Cooper* matter, Plaintiff has refused to withdraw the Supboena issued to Judge Polando or propose any type of limitation of the proposed deposition in either duration or topics of inquiry. Judge Polando, therefore, seeks relief from this Court.

**II.     Legal Standards**

"[C]alling a judge to give testimony in any proceeding is a very delicate matter." *United States v. Frankenthal*, 582 F2d 1102, 1107 (7th Cir. 1978). This so because the judicial role is likely to provide the imprimatur of prestige, dignity, and authority to a party's case, and it is likely to be misunderstood as an official testimonial. *See id*. at 1108. "When a judge testifies, there is concern that the judge not only is presenting evidence, but also is conferring the prestige

and credibility of judicial office on a litigant's position." Leslie W. Abramson, *Canon 2 of the Code of Judicial Conduct*, 79 MARQ. L. REV. 949, 977 (1996). Therefore, judicial testimony is highly prejudicial.

Moreover, judicial testimony raises ethical concerns, as demonstrated by the numerous prohibitions against judicial testimony or comment in Indiana Code of Judicial Conduct ("Judicial Code"). "A judge shall not abuse the prestige of judicial office to advance the personal or economic interests of the judge or others, or allow others to do so." Ind. Code Jud. Cond. R. 1.3. "A judge shall not make any public statement that might reasonably be expected to affect the outcome or impair the fairness of a matter pending or impending in any court…." Ind. Code Jud. Cond. R. 2.10(A). "A judge shall not testify as a character witness[1] in a judicial, administrative, or other adjudicatory proceeding or otherwise vouch for the character of a person in a legal proceeding, except when duly summoned." Ind. Code Jud. Cond. R. 3.3. Even where a judge is duly served a subpoena, that fact alone does not suggest that the judge's testimony is appropriate under the Judicial Code. *See* Exhibit C, Advisory Opinion No. 3-98, Indiana Commission on Judicial Qualifications; *see also* Exhibit D, Public Admonition of the Honorable Donald C. Johnson, Judge of the Tippecanoe Superior Court, Ind. Comm'n Jud. Qual. (1996) ("Public Admonition") (disciplining a judge who provided factual affidavit testimony to further a litigant's case).[2]

A court must quash a subpoena where it subjects a person to undue burden, or where it seeks privileged materials. Fed. R. Civ. Pro. 45(d)(3)(A)(iii), (iv). Further, the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment,

---

[1] "While Canon 2 only specifically restricts judges from testifying as character witnesses, the underlying principle applies to all judicial testimony." Leslie W. Abramson, *Canon 2 of the Code of Judicial Conduct*, 79 MARQ. L. REV. 949, 977 (1996) (analyzing federal counterpart to and model for Indiana Code of Judicial Conduct).
[2] Copies of Advisory Opinion 3-98 and the Public Admonition are attached as Exhibits C & D.

oppression, or undue burden or expense, up to and including forbidding the discovery. Fed. R. Civ. Pro. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Ball Corporation v. Air Tech of Michigan, Inc.*, 329 F.R.D. 599, 603 (N.D. Ind. 2019) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)). A party seeking a protective order demonstrates good cause by showing a particular and specific demonstration of fact to support a protective order. *Id.* (citing *Gulf Oil Co. v. Bernard*, 452 U.S.89, 102 n. 16 (1981)). Rule 26(b)(1) permits discovery on any "nonprivileged matter that is relevant to any party's claim or defense proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. Pro. 26(b)(1).

III. **Argument**

a. **The Subpoena Would Force Hon. Graham Polando to Violate the Indiana Code of Judicial Conduct, Threatens His Judicial Reputation, and Poses an Undue Burden as a Consequence.**

Plaintiff's subpoena seeks to require Judge Polando to violate the clear Judicial Code restriction against judges providing testimony. As a judicial officer who currently serves on the St. Joseph County Probate Court, there is nothing Judge Polando can do to remove the prestige of his office. The fact that Plaintiff may seek testimony from Judge Polando based on his former capacity as a deputy prosecutor rather than his time as a judicial officer "is a distinction without a difference" now that he is a sitting judicial officer. *See* Exhibit B at page 30. Providing testimony of any sort—even testimony that is facially factual and not opinion or character testimony—would violate Rules 1.3 and 2.10(A) of the Judicial Code because the parties would

use that testimony to further the interests of their clients. The "risk" that a fact-finder would be "more influenced" by Judge Polando's testimony given his current office than other evidence "is real and cannot be mitigated completely no matter the warnings afforded." *Id*.

Despite requests for the same, Plaintiff has not articulated the specific topics of inquiry he wishes to probe through a deposition of Judge Polando.  Judge Polando had no involvement in the underlying prosecution of the Plaintiff for which his claims in this case are based.  Therefore, even if Judge Polando's testimony were limited to the hard facts of what information the defendants (or now dismissed parties) provided him during the post-conviction proceedings under cause number 20D01-1108-PC-00005, that testimony will be used by the Plaintiff to further his personal interest in this case. Ind. Code Jud. Cond. R. 1.3. Such testimony could reasonably be expected to affect the outcome or impair the fairness of this case. Ind. Code Jud. Cond. R. 2.10(A). Moreover, the testimony of a sitting magistrate judge—even if strictly factual in nature—would have the same effect as character testimony because it may be used to impeach or otherwise malign the defendants or other witnesses in this case, or to somehow corroborate the Plaintiff's testimony. Ind. Code Jud. Cond. R. 3.3.

Further, the fact of Judge Polando's office may have a chilling effect on the attorneys, who may be reluctant to ask him probative questions on direct or cross examination because they may practice before him in the future. Alternatively, in any future proceeding before Judge Polando with facts similar to this case or the underlying criminal case, there is risk that the parties or their attorneys may suspect Judge Polando of bias because he provided testimony used to support a Plaintiff who was allegedly wrongly convicted of a crime, even though it was a conviction that Judge Polando did not secure as a deputy prosecutor.

5

Therefore, Plaintiff's subpoena imposes an undue burden on Judge Polando. Either he ignores the subpoena and faces sanctions from this Court for non-compliance, or he sits for the deposition and faces sanctions from the Indiana Commission on Judicial Qualifications and possibly the Indiana Supreme Court. This is an undue burden in that it requires Judge Polando to knowingly violate the Judicial Code. It also poses a threat to the Judge Polando's reputation and perception of him as a fair and impartial magistrate. The Seventh Circuit has held that reputational harm can constitute a specific showing to support a finding of undue burden. *See Northwestern Memorial Hosp. v. Ashcroft*, 362 F.3d 923, 929 (7th Cir. 2004) (finding an undue burden in part based on the fact that a hospital would have lost "the confidence of its patients" had it complied with a subpoena to produce records).

Limiting Judge Polando's deposition to strictly factual testimony would not avoid the injury to his judicial reputation, although, as stated above, Plaintiff has not proposed to limit the deposition in any way. The Indiana Commission on Judicial Qualifications issued a public admonishment against a judge after he submitted factual affidavit testimony in support of a litigant's appeal. *See* Exhibit D. If a judge cannot submit factual affidavit testimony without being disciplined, then he certainly cannot submit to a deposition to elicit testimony likely to be used in a manner to malign or impeach the defendants. Therefore, the subpoena should be quashed. Fed. R. Civ. Pro. 45(d)(3)(A)(iv).

> **b. A Protective Order Should Be Entered because the Deposition Testimony Lacks Probative Value and Can Be Obtained from Other Sources, and Therefore Is Not Proportional to the Needs of the Case**

A deposition of Judge Polando will not reveal any information that is not available to the Plaintiff by other means that are more easily accessible and do not pose an undue burden to a sitting judicial officer. Upon information and belief, the Plaintiff seeks to discover what Judge

6

Polando may have discerned about Plaintiff's underlying prosecution when he represented the State's interests in Plaintiff's subsequent post-conviction proceedings under Cause No: 20D01-1108-PC-00005.  Presumably, anything which occurred on the record under the post-conviction cause, whether testimony or tangible exhibits, is subject to judicial notice under a well-taken request per Federal Rule of Evidence 201.  Also, it is unknown to Judge Polando as to whether Plaintiff has already sought and/or obtained the file from the Elkhart County Prosecutor's office. Further, it is believed that Plaintiff has already deposed or at least has had the opportunity to depose individuals who are not sitting judicial officers.

Presumably, Plaintiff can discover the entire file maintained by the Elkhart County Prosecutor's Office concerning the Plaintiff and his prosecution, which will reveal what information and evidence the prosecuting attorneys who did handle Plaintiff's underlying prosecution received and filed. Also and alternatively, the Plaintiff could subpoena for deposition a corporate representative of the Elkhart County Prosecutor's Office, who, as a custodian of business records, could testify to the contents of the Plaintiff's file maintained by the prosecutor's office. Such evidence would be equally sufficient to support the inference the plaintiff seeks to establish which forms the basis of this lawsuit. If the specific evidence is not in the file or other possession of the prosecutor's office, it could reasonable be discerned that the such evidence was not turned over to prosecutors. It would pose much less of a burden to seek the discovery from these other sources rather than from Judge Polando because doing so would not cause that individual to violate the Rules of Judicial Conduct.

The sought-after deposition testimony lacks probative value and is available from less burdensome sources. Therefore, it is not proportional to the needs of the case. The Court should enter a protective order in favor of Judge Polando pursuant to Fed. R. Civ. Pro. 26(b)(2)(c)(i).

### c. The Subpoena Seeks Privileged Investigatory Materials and Attorney Work Product

The non-party subpoena also seeks some privileged information. In this regard, it seeks both investigatory materials and attorney work-product. The law enforcement investigatory privilege applies to "protect testimony about or other disclosure of the contents of law enforcement investigatory files." *In re Sealed Case*, 856 F.2d 268, 271 (D.C. Cir. 1988). The Seventh Circuit has adopted a balancing test for determining whether law enforcement criminal investigation records should be disclosed to plaintiffs in civil suits. *Dellwood Farms, Inc. v. Cargill, Inc.*, 128 F.3d 1122, 1125 (1997). The Dellwood test weighs "the need of the litigant who is seeking privilege investigative materials against the harm to the government if the privilege is lifted." *Id*. There is a strong presumption against lifting the investigatory privilege. *Id.*

In this case, it is difficult to undertake the applicable balancing test, because Plaintiff has not limited the subpoena to identify the specific topics of inquiry he seeks to elicit from Judge Polando's testimony. In other words, Plaintiff has not presented enough detail as to what he seeks from Judge Polando. *See* Exhibit B at page 34. However, upon reasonable inquiry, the balance weighs against disclosure of the investigative materials that may be in the possession of the Prosecuting Attorney. The strong interest of the State of Indiana in the fair administration of criminal justice would be damaged by disclosure. This is so because the disclosure of investigative materials to third parties will discourage witnesses from coming forward in criminal cases, for fear that they will be subject to public attention or private retaliation for their testimony.

Second, the subpoena seeks potentially privileged attorney work product, particularly with respect to any line of questioning about Judge Polando's work on behalf of the State in the subsequent post-conviction matter. The work product privilege protects from disclosure any material that reflects an attorney's mental processes during, or in anticipation of, litigation. *See* Fed. R. Civ. P. 26(b)(3); *Upjohn Co. v. United States*, 449 U.S. 383, 397-402 (1981). Attorneys would be discouraged from making notes if they knew that their notes might be disclosed to third parties. Therefore, it should be quashed. Fed. R. Civ. Pro. 45(d)(3)(A)(iii).

WHEREFORE, non-party Hon. Graham Polando, by counsel, respectfully moves the Court to quash the subpoena for deposition testimony, for an entry of a protective order shielding him from providing any testimony in this case, and for all other just and proper relief.

Respectfully submitted,

Dated: February 13, 2023

*/s/ Matt Black*
Matt Black, Atty. No. 28470-49
Adam Clay, Atty. No: 28498-49
Black Clay LLC
9333 N. Meridian St, Ste 370
Indianapolis, IN 46260
Ph: 317-580-9007
Fax: 317-580-9017
black@blackclayindiana.com
clay@blackclayindiana.com
*Attorneys for Hon. Graham Polando*

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ MATT BLACK*
MATT BLACK, 28470-49

BLACK CLAY LLC
9333 N. Meridian St.
Suite 370
Indianapolis, IN 46260
T: 317.580.9007
F: 317.360.1500
black@blackclayindiana.com
clay@blackclayindiana.com